1

2

3

4

5

6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JUAN CARDONA,

11         Plaintiff,               No. 2:11-cv1680 KJM KJN P

12    vs.

13  DALE SYVERSON, M.D.,

14         Defendant.        <u>ORDER</u>

15  _____/

16         Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17  pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18  28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19  and Local Rule 302.

20         Plaintiff has submitted a declaration that makes the showing required by

21  28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendant "negligently and carelessly" performed a needle biopsy of plaintiff's liver, puncturing plaintiff's right lung, requiring hospitalization, further medical treatment, personal injury, pain and suffering.  (Dkt. No. 1 at 3.)  Plaintiff states defendant's "acts or omissions are below the degree of skill and competence commonly exercised by medical practitioners."  (Id.)

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  An official is deliberately indifferent if he both knows of and disregards an excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, to demonstrate deliberate indifference, a plaintiff must establish that the alleged harm was "sufficiently serious" and that the official acted with a "sufficiently culpable state of mind."  Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  Therefore, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.  Even gross

3

1  negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood

2  v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (delay of several days in receiving pain

3  medication for a broken shoulder was not an Eighth Amendment violation).  "Medical

4  malpractice does not become a constitutional violation merely because the victim is a prisoner."

5  Estelle, 429 U.S. at 106.

6           Therefore, plaintiff's claim that defendant was negligent or careless does not rise

7  to the level of a civil rights violation because it does not demonstrate that defendant was

8  deliberately indifferent.  However, in an abundance of caution, plaintiff will be granted leave to

9  amend should he be able to allege facts demonstrating defendant was deliberately indifferent to

10 plaintiff's serious medical needs.  If plaintiff wishes to pursue a medical malpractice claim, such

11 an action should be pursued in state court.

12          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

13 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

14 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

15 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

16 unless there is some affirmative link or connection between a defendant's actions and the

17 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

18 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

19 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

20 268 (9th Cir. 1982).

21          In addition, plaintiff is hereby informed that the court cannot refer to a prior

22 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

23 an amended complaint be complete in itself without reference to any prior pleading.  This

24 requirement exists because, as a general rule, an amended complaint supersedes the original

25 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

26 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

4

1   amended complaint, as in an original complaint, each claim and the involvement of each

2   defendant must be sufficiently alleged.

3         In accordance with the above, IT IS HEREBY ORDERED that:

4         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10         3.  Plaintiff's complaint is dismissed.

11         4.  Within thirty days from the date of this order, plaintiff shall complete the

12   attached Notice of Amendment and submit the following documents to the court:

13            a.  The completed Notice of Amendment; and

14            b.  An original and one copy of the Amended Complaint.

15   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

16   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

17   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

18   Failure to file an amended complaint in accordance with this order may result in the dismissal of

19   this action.

20   DATED:  August 15, 2011

21

22   _Kendall J. Newman_

23   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

24   card1680.14

25

26

1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN CARDONA,

11              Plaintiff,                        No. 2:11-cv1680 KJM KJN P

12       vs.

13   DALE SYVERSON, M.D.,                         NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____          Amended Complaint

19   DATED:

20

21                                          _____

22                                          Plaintiff

23

24

25

26