IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARDONA,

      Plaintiff,                     No. 2:11-cv-1680 TLN KJN P

    vs.

DALE SYVERSON, M.D.,

      Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.  Plaintiff requests the appointment of pro bono counsel.

        District courts lack authority to require any attorney to represent an indigent prisoner in a Section 1983 case.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of

1

demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the instant case, in addition to his indigence, lack of legal experience and limited law library access, plaintiff asserts that he requires appointment of counsel due to the complexity of the medical issues central to this action.  This action is currently submitted on a fully briefed motion for summary judgment filed by the sole defendant; a physician who is represented by counsel.  Nevertheless, plaintiff has opposed the motion in two lengthy briefs supported by extensive exhibits.  Plaintiff's briefing is cogent and helpful.  Thus, the court finds that plaintiff has capably articulated his claims despite the complexity of the legal issues involved.  Palmer, 560 F.3d at 970.  Therefore, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating that exceptional circumstances warrant the appointment of counsel at this time.

However, as plaintiff notes, should he prevail on summary judgment and this action proceeds to trial, appointment of counsel may be warranted at that time, when plaintiff may again request such appointment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 12, 2013 motion for the appointment of counsel (ECF No. 44), is denied without prejudice.

DATED: July 1, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

card1680.31.kjn